IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN ANTHONY FAULKNER,

    Petitioner,

v.                                                           CV 10-0348 MCA/GBW

GEORGE TAPIA, Warden,

    Respondent.

**ORDER TO SHOW CAUSE**
**AND DENYING MOTIONS FOR ORDERS**

**THIS MATTER** is before the Court on Petitioner Anthony Faulkner's application for writ of habeas corpus along with four Motions for Orders submitted by Petitioner. *Docs. 5-11.* Petitioner's Motions for Order shall be denied, and he shall be given forty-five days to show cause why his application should not be dismissed for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

**I.**     **Background:**

On April 12, 2010, Petitioner filed a Motion for Extension of time to file a 28 U.S.C. § 2254 application for writ of habeas corpus with this Court. *Doc. 1.* The Clerk opened a case under § 2254 to accommodate the motion. *See id.* The district judge denied the motion and ordered the clerk to send Petitioner a § 2254 form to file with the Court. *Doc. 4.* On May 20, 2010, Mr. Faulkner filed three separate § 2254 forms with the Court. *Docs. 5-7.* A

review of the forms confirms that all challenged convictions originate from the same state cause of action in the 5th Judicial District, Cause No. CR-2009-00026. Petitioner additionally filed three Motions for Order for Subpoena and one Motion to Accept Evidence. *Docs. 8-11.*

## II.    Failure to Exhaust:

Before considering the timeliness of the claim raised in the petition, a court should examine whether a petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Under § 2254(b), this Court cannot grant habeas corpus relief unless the Petitioner has exhausted the remedies available in the state courts. *Moore v. Schoeman*, 288 F.3d 1231, 1232 (10th Cir. 2002). The United States Supreme Court "has long held that a state prisoner's federal petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged

violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). The Antiterrorism and Effective Death Penalty Act (AEDPA), which was passed in 1996, preserved the "total exhaustion" requirement of *Lundy*, and imposed a one-year statute of limitations on the filing of federal petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

Here, it appears from the face of Mr. Faulkner's applications that he has failed to exhaust his state court remedies. Petitioner contends that he filed a writ of habeas corpus with the New Mexico State Court in April 2010. *Doc. 6* at 3. He further states that as of May 18, 2010, the court "has ignored or denied" his petition. *Id.* at 5. When prompted by the section 2254 form why he failed to exhaust state remedies, Petitioner responded that: "Under these circumstances and time limits I have exhausted to the degree I'm able to stay within my 1 year time limit to file under 2254 in federal court." *Id.* at 7. However, the existence of the one-year statute of limitation does not excuse a failure to exhaust state court remedies. In fact, AEDPA specifically tolls the one-year statute of limitation during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Accordingly, Petitioner is given forty-five days to show cause why this case should not be dismissed for failure to exhaust state court remedies pursuant to § 2254(b)(1)(A).

**III.** **Motions for Orders:**

Petitioner has filed three Motions for Order for Subpoena and one Motion to Accept

Evidence. *Docs. 8-11.* In these motions, Petitioner asks the Court to issue a subpoena for copies of his preliminary hearings, hearings, and plea proceedings related to his state conviction. *See Docs. 8, 9 & 11.* Petitioner additionally requests the Court accept into evidence a rule violation report and two inmate requests from the Eddy County Detention Center, where he is currently housed. *Doc. 10.* The Court finds that Petitioner's request for these documents is premature and will deny the requests without prejudice at this time. *See, e.g., Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (state habeas petitioner does not have a constitutional right to access a free transcript to search for error).

Wherefore,

**IT IS ORDERED** that Petitioner has forty-five (45) days from the entry of this Order to show cause why his petition should not be dismissed for failure to exhaust state court remedies pursuant to § 2254(b)(1)(A).

**IT IF FURTHER ORDERED** that Petitioner's Motions for Orders (*Docs. 8-11*) are denied without prejudice at this time .

_____
UNITED STATES MAGISTRATE JUDGE